# EXHIBIT 1

# SUMMONS

Attorney(s) Zimmerman Law Group
Office Address 233 Watchung Fork
Town, State, Zip Code Westfield, NJ 07090

Telephone Number (908) 768-6408
Attorney(s) for Plaintiff Jean-Marc Zimmerman

**Superior Court of New Jersey**

Union County
Law Division
Docket No: ____________

Richard Bodmer
Plaintiff(s)

vs.

WK Kellogg Sales LLC

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

Michelle Smith
Clerk of the Superior Court

DATED: 10/16/2026

Name of Defendant to Be Served: WK Kellogg Sales LLC

Address of Defendant to Be Served: One Kellogg Square, Battle Creek, Michigan 49016

Jean-Marc Zimmerman (037451989)
Zimmerman Law Group
233 Watchung Fork
Westfield, NJ 07090
E: jmz@zimllp.com
T: (908) 768-6408

Attorneys for Plaintiff and the Proposed Class

| | |
|---|---|
| RICHARD BODMER,<br><br>Plaintiff,<br><br>v.<br><br>WK KELLOGG SALES LLC,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br><br>UNION COUNTY, LAW DIVISION<br><br>DOCKET NO. UNN-L- |

Plaintiff Richard Bodmer ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, Zimmerman Law Group, alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer class action arising from Defendant WK Kellogg Sales LLC's false, deceptive, and misleading marketing of Kellogg's Special K Fruit & Yogurt cereal (the "Product").

2. Defendant prominently identifies the Product as "Fruit & Yogurt," states that it contains "Oat & Fruit Clusters & Yogurt-Coated Clusters," and visually depicts fruit-containing and yogurt-coated clusters on the principal display panel. See FIG. 1 below, which is a photograph of the front of the package purchased by Plaintiff.




FIG. 1

3. Plaintiff alleges that these representations, considered together, materially mislead consumers concerning the significance of fruit and yogurt in the Product because the ingredient list places dried apples, nonfat milk, and nonfat yogurt powder among ingredients present at 2% or less. See FIG. 2 below, which is a photograph of the Product's ingredient list on a side panel of the package purchased by Plaintiff.




FIG. 2

4. Plaintiff does not allege that the Product contains no fruit or no yogurt ingredients. Rather, Plaintiff alleges that the prominent "Fruit & Yogurt" product identity and the express references to "Fruit Clusters" and "Yogurt-Coated Clusters" convey that fruit and yogurt are significant and characterizing components of the Product, while the ingredient list identifies the relevant fruit and yogurt ingredients within the "2% or less" portion of the formulation.

5. Plaintiff saw the challenged "Fruit & Yogurt," "Fruit Clusters," and "Yogurt-Coated Clusters" representations before purchasing the Product, chose the Product because of those representations, and would not have purchased it had he known that dried apples and nonfat yogurt powder are listed among ingredients present at 2% or less.

6. Plaintiff brings this action individually and on behalf of similarly situated New Jersey consumers under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 et seq., and

relies on New Jersey food-labeling law, including N.J.S.A. 24:1-1(m), as relevant statutory context in determining whether the Product's labeling is misleading.

7. New Jersey law directs that, when labeling is alleged to be misleading, the analysis considers not only representations made or suggested by a statement, word, design, or any combination thereof, but also whether the labeling fails to reveal facts material in light of those representations. N.J.S.A. 24:1-1(m).

## PARTIES

8. Plaintiff Richard Bodmer is an individual residing in Westfield, New Jersey 07090, in Union County.

9. Plaintiff is a New Jersey consumer who purchased the Product for personal and household consumption.

10. Defendant WK Kellogg Sales LLC is a Delaware limited liability company that distributes the Product and maintains business operations at One Kellogg Square, Battle Creek, Michigan 49016. Defendant is identified on the Product's packaging as its distributor.

11. Defendant markets, distributes, and sells the Product throughout New Jersey, including in Union County.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this action pursuant to the Constitution and laws of the State of New Jersey.

13. This Court has personal jurisdiction over Defendant because Defendant purposefully markets, distributes, and sells the Product to consumers throughout New Jersey and derives substantial revenue from sales of its products in New Jersey.

14. Defendant places the Product into the stream of commerce and offers it for sale to New Jersey consumers through supermarkets and other retail outlets.

15. Defendant's challenged representations appeared on Products offered for sale and sold to consumers in New Jersey.

16. Venue is proper in Union County because Plaintiff resides in Union County, purchased the Product in Union County, and suffered the alleged ascertainable loss in Union County.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Purchase and Reliance

17. On or about October 9, 2026, Plaintiff purchased a 12.6-ounce box of Kellogg's Special K Fruit & Yogurt at ShopRite, in Garwood, Union County, New Jersey, for approximately $4.59.

18. Before purchasing the Product, Plaintiff saw the prominent "Fruit & Yogurt" designation, the statement "Crunchy Wheat & Rice Flakes with Oat & Fruit Clusters & Yogurt-Coated Clusters," and the visual depiction of fruit-containing and yogurt-coated clusters. See FIG. 1 above.

19. Plaintiff chose the Product because of those representations and the overall impression they created concerning the role of fruit and yogurt in the Product.

20. Plaintiff reasonably understood the front of the package to mean that fruit and yogurt were significant and characterizing components of the Product.

21. The challenged representations were material to Plaintiff's decision to purchase the Product.

22. Plaintiff purchased the Product, took it home, and consumed it.

23. After purchasing the Product, Plaintiff examined the ingredient list and discovered that, after its principal ingredients, the Product "contains 2% or less of" numerous ingredients including dried apples, nonfat milk, and nonfat yogurt powder. See FIG. 2 above.

24. Plaintiff thereby learned that the Product's disclosed fruit and yogurt ingredients are within the portion of the formulation identified as 2% or less, materially inconsistent with the impression Plaintiff reasonably took from the Product's prominent "Fruit & Yogurt" labeling.

25. Had Plaintiff known before purchasing the Product that dried apples and nonfat yogurt powder were listed among ingredients present at 2% or less, Plaintiff would not have purchased the Product at all.

26. As a direct result of Defendant's challenged representations, Plaintiff paid an identifiable amount of money in a transaction he otherwise would not have entered into.

**B. <u>Defendant's Front-Label Representations</u>**

27. Defendant markets, distributes, and sells Kellogg's Special K Fruit & Yogurt throughout New Jersey.

28. The principal display panel prominently identifies the variety as "Fruit & Yogurt."

29. The front panel further states "Crunchy Wheat & Rice Flakes with Oat & Fruit Clusters & Yogurt-Coated Clusters" and visually depicts fruit-containing and yogurt-coated clusters.

30. Although the package also states "Naturally Flavored with Other Natural Flavors," that flavor qualification does not disclose the relative amount of actual fruit and yogurt ingredients in a product expressly identified as "Fruit & Yogurt" and described as containing fruit and yogurt-coated clusters.

31. Taken together, the challenged representations reasonably convey that fruit and yogurt are significant and characterizing components of the Product.

**C. The Disclosed Fruit and Yogurt Ingredients Are Within the "2% or Less" Portion of the Ingredient List**

32. The Product's ingredient list begins with whole grain wheat, rice, sugar, whole grain oats, and wheat bran, and then states that the Product "contains 2% or less of" numerous additional ingredients.

33. Within that "2% or less" group, the Product lists dried apples, nonfat milk, and nonfat yogurt powder.

34. Plaintiff does not allege that the Product contains no fruit or yogurt ingredients.

35. Rather, Plaintiff alleges that Defendant prominently identifies the Product as "Fruit & Yogurt" and expressly describes "Fruit Clusters" and "Yogurt-Coated Clusters" in a manner that creates a materially misleading impression concerning the relative significance of actual fruit and yogurt ingredients in the Product.

**D. The Ingredient List Does Not Necessarily Cure a Misleading Front-Label Representation**

36. The disclosure of ingredients elsewhere on a food package does not necessarily prevent a prominent front-label representation from creating a misleading impression concerning the nature, composition, or relative role of an emphasized ingredient.

37. Federal food-labeling regulations likewise recognize that the labeling of a multi-ingredient food may be misleading when the name or labeling suggests one or more ingredients but not others, even though all ingredients are listed elsewhere. See 21 C.F.R. § 101.18(b).

38. Plaintiff's claim arises under the NJCFA and challenges the allegedly misleading overall impression Defendant communicates to New Jersey consumers through the Product's principal display panel.

39. The issue presented is whether the "Fruit & Yogurt" product identity, the express references to fruit and yogurt-coated clusters, and the visual presentation, considered together and in light of the Product's actual formulation, have the capacity to mislead consumers concerning the significance of fruit and yogurt in the Product.

**E. New Jersey Law Requires Consideration of the Overall Labeling Impression**

40. N.J.S.A. 24:1-1(m) provides that, when an article is alleged to be misbranded because its labeling is misleading, the determination must take into account not only representations made or suggested by statement, word, design, or any combination thereof, but also the extent to which the labeling fails to reveal facts material in light of those representations.

41. Accordingly, the Product's labeling should be evaluated as a whole, including the prominent "Fruit & Yogurt" designation, the "Fruit Clusters" and "Yogurt-Coated Clusters" description, the depicted clusters, the flavor qualification, and the Product's actual ingredient composition.

42. Plaintiff relies on this New Jersey statutory standard as additional support for evaluating the overall impression created by Defendant's standardized packaging. Plaintiff's cause of action is brought under N.J.S.A. 56:8-2 and does not depend on a private cause of action under New Jersey's food-misbranding statutes or federal food-labeling law.

**F. The Representations Are Material to Consumers**

43. Consumers reasonably consider the ingredients, composition, quality, and character of food products when deciding whether to purchase them.

44. Whether a cereal prominently marketed as "Fruit & Yogurt" contains actual fruit and yogurt as significant and characterizing components, rather than only within the portion of the

formulation identified as 2% or less, is information capable of affecting a consumer's purchasing decision.

45. Defendant prominently emphasizes fruit and yogurt because those representations increase the Product's appeal and convey information concerning its composition, flavor, perceived quality, and character.

46. Defendant knew the Product's formulation at all relevant times because it distributes the Product and controls and/or authorizes the Product's formulation, labeling, packaging, marketing, distribution, and sale.

47. Defendant also knew how the challenged product name, imagery, and descriptive statements were displayed on the Product's packaging.

**G. <u>Plaintiff Suffered an Ascertainable Economic Loss</u>**

48. As a direct and proximate result of Defendant's challenged representations, Plaintiff entered into a transaction he otherwise would not have entered into and paid an identifiable amount of money for the Product.

49. Had Plaintiff known before purchase that dried apples and nonfat yogurt powder were listed among ingredients present at 2% or less, Plaintiff would not have purchased the Product.

50. Plaintiff's alleged injury is not based merely upon subjective disappointment or regret after purchasing the Product.

51. Plaintiff alleges an actual and objectively measurable economic loss resulting from Defendant's allegedly unlawful conduct.

52. In the alternative, Plaintiff suffered an ascertainable loss because the Product he received was worth less than the Product as represented.

53. Defendant represented the Product in a manner that conveyed that fruit and yogurt were significant and characterizing components, whereas the disclosed fruit and yogurt ingredients appear within the portion of the ingredient list identified as 2% or less.

54. The difference in value between the Product as represented and the Product as actually formulated is capable of objective measurement through common economic evidence.

55. Such evidence may include the purchase price, retail pricing, comparable-product pricing, market data, consumer valuation evidence, economic analysis, or another reliable and admissible methodology.

56. Plaintiff's ascertainable loss was caused by Defendant's challenged representations because Plaintiff saw the representations before purchase, they were material to his decision, and he would not have purchased the Product had he known the actual composition disclosed in the ingredient list.

## <u>CLASS ACTION ALLEGATIONS</u>

57. Plaintiff brings this action pursuant to New Jersey Rule 4:32-1(a) and Rule 4:32-1(b)(3) individually and on behalf of the following proposed Class:

> All persons who purchased Kellogg's Special K Fruit & Yogurt in New Jersey for personal, family, or household use during the applicable limitations period and whose Product bore the challenged "Fruit & Yogurt," "Fruit Clusters," and "Yogurt-Coated Clusters" representations.

58. Excluded from the Class are Defendant; its parents, subsidiaries, affiliates, officers, directors, employees, and legal representatives; governmental entities; the Court and its staff; and persons who timely and validly request exclusion from the Class.

### A. <u>Numerosity</u>

59. Members of the Class are sufficiently numerous that their individual joinder is impracticable.

60. Defendant sells the Product through supermarkets and other retail outlets throughout New Jersey.

61. Upon information and belief, thousands of New Jersey consumers purchased the Product during the Class Period.

62. The precise number of Class members and units sold is presently within Defendant's knowledge and can be established through sales, point-of-sale, inventory, distribution, transactional, and other records obtained in discovery.

**B. <u>Commonality</u>**

63. Plaintiff and members of the Class were subjected to the same allegedly unlawful commercial practice: the sale of the same Product bearing materially uniform challenged representations.

64. Plaintiff's claims do not depend upon individualized oral representations, negotiations, warranties, or sales presentations.

65. Questions of law and fact common to Plaintiff and the Class include:

a. whether Defendant placed the challenged "Fruit & Yogurt," "Fruit Clusters," and "Yogurt-Coated Clusters" representations on the Product;

b. whether dried apples and nonfat yogurt powder are listed within the "2% or less" portion of the ingredient list;

c. whether the challenged representations convey that fruit and yogurt are significant and characterizing components or otherwise play a materially greater role in the Product than the formulation supports;

d. whether the challenged representations are false, deceptive, or misleading when considered in light of the Product's actual formulation;

e. whether Defendant's challenged conduct constitutes an unlawful practice under N.J.S.A. 56:8-2;

f. whether the challenged representations are material to consumers;

g. whether the challenged representations affected the economic value or price of the Product;

h. whether any economic disparity attributable to the challenged representations can be established through common evidence; and

i. the appropriate measure of relief.

**C. <u>Uniform Conduct</u>**

66. Defendant's alleged unlawful conduct arises from standardized representations appearing directly on the packaging of the Product.

67. Members of the Class purchased a materially standardized Product bearing the same challenged representations.

68. Whether Defendant's representations are objectively false, deceptive, or misleading is therefore susceptible to determination through evidence common to the Class.

69. Such common evidence includes the Product's packaging, formulation, labeling decisions, marketing materials, consumer research, sales information, pricing data, and Defendant's knowledge concerning the Product's composition.

**D. <u>Typicality</u>**

70. Plaintiff's claims are typical of those of the Class because Plaintiff purchased the same Product bearing the same challenged representations and was subjected to the same allegedly unlawful commercial practice.

71. Plaintiff's claim does not depend upon a unique oral representation, individualized negotiation, or statement made only to Plaintiff.

**E. Adequacy**

72. Plaintiff has no interests antagonistic to those of the Class and will fairly and adequately protect the interests of Class members.

73. Plaintiff has retained counsel experienced in complex civil litigation and capable of adequately and vigorously prosecuting this action.

**F. Predominance**

74. Questions common to the Class predominate over individualized issues because Defendant's alleged liability principally arises from materially uniform representations appearing on a standardized consumer product sold throughout New Jersey.

75. Plaintiff does not seek to establish class liability merely by assuming that every consumer subjectively interpreted or reacted to the Product's labeling in precisely the same manner.

76. Rather, Plaintiff alleges that Defendant's standardized representations have the capacity to mislead and were uniformly used in connection with the sale of the Product.

77. Whether the representations are deceptive or misleading therefore can be determined through evidence common to the Class without reconstructing separate individualized representations made to each purchaser.

78. Plaintiff further alleges that the existence and amount of any economic disparity attributable to the challenged representations are capable of proof through a reliable class-wide economic methodology.

79. Such methodologies may include retail pricing comparisons, comparable-product evidence, market data, conjoint analysis, regression analysis, or another admissible methodology capable of measuring the value attributable to the challenged representations.

80. Plaintiff does not allege that every purchaser necessarily suffered a loss equal to the entire purchase price merely because he or he purchased the Product.

81. Rather, Plaintiff alleges that the challenged representations caused an objectively measurable economic disparity between the Product as represented and the Product actually sold and that such disparity is susceptible to proof through evidence applicable to the Class as a whole.

82. Plaintiff's class theory therefore does not depend upon a generalized presumption that every purchaser experienced the same subjective disappointment.

83. The causal relationship between Defendant's challenged conduct and the alleged class-wide economic injury is susceptible to common proof to the extent the challenged representations imparted measurable economic value to the standardized Product and were reflected in the transaction price.

84. Differences in the number of Products purchased or the total amount spent by individual Class members concern principally the calculation of individual damages and do not alter the common questions concerning Defendant's alleged unlawful conduct.

85. The principal liability questions what Defendant represented, what the Product contained, whether the representations were deceptive or misleading, whether they were material to consumers, and whether they caused an objectively measurable economic disparity are common to the Class.

**G. Superiority**

86. A class action is superior to individual adjudication because the economic loss associated with individual purchases is relatively small compared with the expense of separately prosecuting NJCFA claims.

87. Requiring New Jersey consumers individually to litigate the legality of the same representations appearing on the same standardized Product would result in unnecessary duplication and create the risk of inconsistent adjudications.

88. Class treatment permits Defendant's alleged uniform conduct and any class-wide economic injury to be adjudicated efficiently through common evidence.

**COUNT I**

**VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**
**N.J.S.A. 56:8-1 et seq.**

89. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

90. Plaintiff and members of the Class are persons entitled to the protections and remedies of the NJCFA.

91. The Product is "merchandise" within the meaning of N.J.S.A. 56:8-1(c).

92. Defendant advertised, offered for sale, distributed, and sold the Product in connection with trade and commerce in New Jersey.

93. N.J.S.A. 56:8-2 prohibits, among other things, deception and misrepresentation in connection with the sale or advertisement of merchandise.

94. New Jersey food-labeling law provides relevant statutory context for evaluating the overall impression of the Product's labeling. N.J.S.A. 24:1-1(m) provides that, when an article is alleged to be misbranded because its labeling is misleading, the determination must take into

account representations made or suggested by statement, word, design, or any combination thereof, together with material facts the labeling fails to reveal in light of those representations.

95. Defendant's challenged labeling must therefore be considered as a whole rather than by isolating individual words or disclosures from the overall principal-display-panel presentation.

96. Defendant prominently represented the Product as "Fruit & Yogurt," expressly described "Oat & Fruit Clusters & Yogurt-Coated Clusters," and visually depicted fruit-containing and yogurt-coated clusters.

97. In the context in which Defendant made those representations, they conveyed that fruit and yogurt were significant and characterizing components of the Product.

98. Plaintiff alleges that the representations were false, deceptive, and/or misleading because dried apples, nonfat milk, and nonfat yogurt powder are listed within the portion of the Product's ingredient list identified as 2% or less.

99. Defendant's challenged representations constitute an unlawful practice under N.J.S.A. 56:8-2, including deception and/or misrepresentation in connection with the advertisement and sale of merchandise.

100. Defendant designed, approved, controlled, and/or authorized the Product's labeling and knew the Product's actual formulation.

101. Defendant's challenged representations were material to Plaintiff.

102. Plaintiff saw the challenged representations before purchasing the Product and chose the Product because of those representations.

103. Had Plaintiff known that dried apples and nonfat yogurt powder were listed among ingredients present at 2% or less, Plaintiff would not have purchased the Product.

104. Defendant's allegedly unlawful practice therefore caused Plaintiff to enter into a transaction he otherwise would not have entered into and to expend an identifiable amount of money.

105. Plaintiff suffered an actual and objectively measurable ascertainable loss.

106. In the alternative, Plaintiff was deprived of the benefit of his bargain because he received a Product objectively worth less than the Product as represented.

107. Plaintiff's loss is capable of objective measurement through proof of the amount paid and/or through a reliable economic methodology measuring the difference in value between the Product as represented and the Product actually sold.

108. Plaintiff's ascertainable loss therefore bears the causal relationship to Defendant's allegedly unlawful conduct required by N.J.S.A. 56:8-19.

109. Plaintiff does not seek recovery merely because he subjectively regretted his purchase or later became dissatisfied with the Product.

110. Plaintiff seeks recovery for an objectively measurable economic loss allegedly caused by Defendant's deceptive and misleading representations.

111. Plaintiff and the Class are entitled to the remedies authorized by the NJCFA, including treble damages, reasonable attorneys' fees, costs of suit, and such other relief as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard Bodmer, individually and on behalf of the proposed Class, respectfully requests that the Court enter judgment:

A. Certifying this action as a class action pursuant to New Jersey Rule 4:32-1;

B. Appointing Plaintiff Richard Bodmer as representative of the Class;

C. Appointing Zimmerman Law Group as Class Counsel;

D. Entering judgment in favor of Plaintiff and the Class on their NJCFA claim;

E. Awarding Plaintiff and members of the Class their ascertainable losses and treble damages pursuant to N.J.S.A. 56:8-19;

F. Awarding Plaintiff and the Class reasonable attorneys' fees and costs as authorized by N.J.S.A. 56:8-19;

G. Awarding appropriate equitable and injunctive relief;

H. Awarding pre-judgment and post-judgment interest as permitted by law; and

I. Granting such other and further relief as the Court deems just and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ *Jean-Marc Zimmerman*

Jean-Marc Zimmerman (037451989)
Zimmerman Law Group
233 Watchung Fork
Westfield, NJ 07090
E: jmz@zimllp.com
T: (908) 768-6408

Attorneys for Plaintiff and
the Proposed Class

Dated: October 16, 2026

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Jean-Marc Zimmerman is hereby designated as trial counsel for Plaintiff.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated at this time, except as may otherwise be disclosed to the Court.

I further certify that I am unaware of any other party who should be joined in this action pursuant to Rule 4:28 or who is subject to joinder pursuant to Rule 4:29-1.

I understand that this certification imposes a continuing obligation to amend if the circumstances stated herein change.

By: /s/ *Jean-Marc Zimmerman*
Jean-Marc Zimmerman (037451989)
Zimmerman Law Group
233 Watchung Fork
Westfield, NJ 07090
E: jmz@zimllp.com
T: (908) 768-6408

Attorneys for Plaintiff and
the Proposed Class

October 16, 2026